F I L E D
**United States Court of Appeals
Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

BRYAN ALLEN HARTSFIELD,

     Defendant-Appellant.

No. 96-2281
(D.C. No. CIV 96-575 JC/LCS)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Bryan Allen Hartsfield ("Hartsfield") was sentenced to 188 months'

imprisonment as a result of his convictions for conspiracy to possess with intent

to distribute cocaine, 21 U.S.C. § 846, and possession with intent to distribute

cocaine and cocaine base, 21 U.S.C. § 841. His convictions and sentence were

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, *res judicata*, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

affirmed.  <u>United States v. Hartsfield</u>, 976 F.2d 1349 (10th Cir. 1992).  In this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (1996), he contends that the United States did not have jurisdiction to prosecute him for his drug trafficking offenses because (1) his actions took place within the boundaries of the state of New Mexico, where the federal government has no jurisdiction to punish criminal offenses, and (2) it was the state who initiated the investigation, not the federal government.  He also alleges that his counsel was ineffective for failing to contest the district court's jurisdiction.  The district court denied the motion and dismissed it with prejudice.  (R. 18.)  Hartsfield appeals.  Because Hartsfield has not made a substantial showing of the denial of a constitutional right, <u>see</u> 28 U.S.C. § 2253(c) (1996), we deny the certificate of appealability and dismiss the appeal.[1]

Contrary to Hartsfield's arguments, this court has determined that Comprehensive Drug Abuse Prevention and Control Act of 1970 is constitutional; the Commerce Clause allows the United States Congress to prohibit drug trafficking so long as such conduct affects interstate commerce.  <u>See</u> <u>United States v. Wacker</u>, 72 F.3d 1453, 1475 (10th Cir. 1995), <u>cert. denied</u>, 117 S. Ct.

_____

[1]  As a result of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (1996), after April 24, 1996, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability in order to appeal the district court's denial of the § 2255 motion.  <u>See</u> 28 U.S.C. § 2253(c) (1996).

136 (1996). In addition, it is well established that the federal courts have jurisdiction over federal crimes committed within a state's borders. Further, a federal prosecution may stem from state investigatory activities, if the conduct at issue violates federal law. See, e.g., United States v. Morehead, 959 F.2d 1489, 1499 (10th Cir. 1992); United States v. Raymer, 941 F.2d 1031, 1037, 1043 (10th Cir. 1991); United States v. Andersen, 940 F.2d 593, 596 (10th Cir. 1991). Because Hartsfield's jurisdictional arguments are meritless, counsel cannot be considered ineffective for failing to raise them. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

We find no substantial showing of the denial of a constitutional right, so we DENY the certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge